UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEARNS BANK NATIONAL
ASSOCIATION, successor to First State
Bank by asset acquisition from the Federal
Deposit Insurance Corporation as receiver
for First State Bank,

    Plaintiff,

v.                                                                                              CASE NO:  8:15-CV-322-T-30JSS

COME AGAIN, INC., a Florida corporation,
INASS RIYAD, an individual,
ADEL RIYAD, an individual, MARCO GLOBAL
ENTERPRISE, INC., a Florida corporation,
and AEC SERVICES, INC., a Florida
corporation,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss First Amended Complaint (Dkt. #35).  The Court concludes that the motion should be denied.

### DISCUSSION

On February 13, 2015, Plaintiff filed a complaint seeking a mortgage foreclosure on real property.  Plaintiff's case is based on Defendants' alleged default on a Promissory Note ("Note") and Mortgage and Security Agreement ("Mortgage") that were later modified or supplemented by several loan documents (collectively "the Loan Documents").

On June 29, 2015, Defendants Come Again, Inc., Adel Riyad, and Inass Riyad filed a motion to dismiss asserting that the complaint failed to state a cause of action. Specifically, Defendants argued that, although Plaintiff alleged that it owned and held the Loan Documents, Plaintiff failed to provide any factual allegations regarding the status or location of the *original* Note in violation of Florida Statute § 702.015.[1]

To address this pleading deficiency, on July 17, 2015, Plaintiff filed a stipulation for agreed order dismissing case without prejudice with leave to amend, which this Court granted. On July 23, 2015, Plaintiff filed its first amended complaint for commercial foreclosure and other relief (the "Amended Complaint"). The Amended Complaint asserts six counts: Foreclosure of Mortgage; Breach of Note; Breach of Guaranty as to Inass Riyad; Breach of Guaranty as to Adel Riyad; Breach of Guaranty as to Marco Global Enterprise, Inc.; and Enforcement of Assignment of Rents.

In the Amended Complaint, Plaintiff alleges that it "owns and holds the Loan Documents... and is in possession of the original Note." (Dkt. #32 at ¶ 28). In support thereof, Plaintiff attaches a Certification of Location of Original Promissory Note (the "Certification"). The Certification states that Plaintiff is in possession of the original Note and states that the original Note is located at "7555 Dr. MLK Jr. St. N., St. Petersburg, FL 33702." The Certification states that Darlene Ulrich "personally verified Plaintiff's

---

[1] Section 702.015 requires that if a plaintiff is "in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the *original* promissory note." (emphasis added).

possession of, and the location of, the original promissory note." Katie Bobb, Plaintiff's Assistant Vice President, executed the Certification.

Defendants now move to dismiss the Amended Complaint solely on the basis that Bobb, the person who executed the Certification, does not have any personal knowledge as to the Note's originality. This argument is nonsensical as Bobb states that the facts are true and correct to the best of her knowledge and belief. But Defendants argue that "Bobb did not personally view the Note nor was she present when Darlene Ulrich purportedly viewed this document." And that it is "unclear how [Bobb] has any knowledge or even a belief that anyone, including Darlene Ulrich, viewed the original Note." Defendants contend that these deficiencies fail to comply with the requirements of Section 702.015.

Defendants' arguments are inappropriate at the motion to dismiss stage. Defendants' first motion to dismiss had merit to the extent that Plaintiff did not allege any facts regarding the Note's originality. Now, however, the Amended Complaint alleges facts attesting to Plaintiff's possession of the original Note and attaches a Certification regarding same that even includes the location of the original Note. Defendants may quibble with the truth or veracity of such facts but any dispute regarding same is not an appropriate basis to dismiss the Amended Complaint for failure to state a claim.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss First Amended Complaint (Dkt. #35) is DENIED.

2. Defendants shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on August 10, 2015.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*S:\Even\2015\15-cv-322 mtd 35.wpd*