## UNITED STATES DISTRICT COURT
## OF THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**STEARNS BANK NATIONAL
ASSOCIATION**, successor to First State Bank
by asset acquisition from the Federal Deposit
Insurance Corporation as receiver for First State
Bank,

      Plaintiff,

v.                                       Case No. 8:15-cv-00322-JSM-EAJ

**COME AGAIN, INC.**, a Florida corporation,
**INASS RIYAD**, an individual,
**ADEL RIYAD**, an individual, **MARCO
GLOBAL ENTERPRISE, INC.**, a Florida
corporation, and **AEC SERVICES, INC.**,
      Defendants.

_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION DEFAULT JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

      Plaintiff STEARNS BANK, NATIONAL ASSOCIATION, successor to First State Bank

by asset acquisition from the Federal Deposit Insurance Corporation as receiver for First State

Bank ("**Stearns Bank**"), hereby moves on Counts I, II, III and IV of its First Amended

Complaint for Commercial Foreclosure and Other Relief (Doc. 32) (the "**Complaint**") for

summary judgment in accord with Rule 56(a), Federal Rules of Civil Procedure, against

Defendants, COME AGAIN, INC. ("**Come Again**"), INASS RIYAD, ADEL RIYAD and AEC

SERVICES, INC. ("**AEC**"), and for default judgment against Defendant, MARCO GLOBAL

ENTERPRISE, INC. ("**Marco**"), on Count V of its Complaint pursuant to Rule 55(b)(1), Federal

Rules of Civil Procedure.

## I.  INTRODUCTION

This is an action to foreclose a mortgage lien on real property located in Pasco County, Florida, and to recover damages for breach of a promissory note and guaranties. Come Again defaulted under a loan held by Stearns Bank. As a result, Stearns Bank accelerated the note and sued for foreclosure, breach of the note, and breach of the guaranties.

Come Again, Inass Riyad and Adel Riyad filed an Answer and Affirmative Defenses that sets forth five affirmative defenses. However, as set forth herein, these defenses do not create a genuine issue of material fact. AEC filed an Answer that does not raise any affirmative defenses, but denies that Stearns Bank's mortgage is superior to its lien. As demonstrated herein, Stearns Bank's mortgage was recorded prior to AEC's lien and is superior. Defendant Marco is in default, having failed to answer or otherwise defend against the allegations of the Complaint.

As established by the evidence and pleadings in this case, there is no genuine dispute of material fact. Absent a genuine dispute of material fact, summary judgment is warranted. Accordingly, Stearns Bank requests an order granting summary judgment against Come Again, Inass Riyad, Adel Riyad and AEC and default judgment against Marco.

### MEMORANDUM OF LAW IN SUPPORT

## II.  UNDISPUTED MATERIAL FACTS

The pleadings, exhibits, and Affidavit in Support of Plaintiff's Motion for Summary Judgment, filed contemporaneously herewith on January 26, 2016 (the **"Affidavit"**), demonstrate the following:

1.  On July 29, 2004, Come Again, Inc. executed and delivered to First State Bank (**"First State"**) a promissory note (the **"Note"**) in the original principal amount of $1,075,000.00 (the **"Loan"**). Affidavit ¶ 3 and Ex. A.

2.  The Note is secured by a Mortgage and Security Agreement (the **"Mortgage"**) encumbering the real property described therein (the **"Real Property"**) and certain personal property described therein (the **"Personal Property"**). The Real

2

Property and the Personal Property shall be collectively referred to as the "**Property**"). The Mortgage is recorded in Official Records Book 5973, Page 709 of the public records of Pasco County, Florida. Affidavit ¶ 4 and Ex. B.

3.    To perfect its security interest in the Personal Property, First State recorded (i) a UCC-1 Financing Statement in Official Records Book 5973, Page 730 of the public records of Pasco County, Florida, as continued by that certain UCC-3 Financing Statement recorded in Official Records Book 8106, Page 593 of the public records of Pasco County, Florida, and further continued and assigned to Stearns Bank by that certain UCC-3 Financing Statement recorded in Official Records Book 9006, Page 3504 of the public records of Pasco County, Florida, and (ii) filed a UCC-1 Financing Statement as Instrument No. 200407627136 in the  Florida Secured Transactions Registry, as continued in Instrument No. 200900699947 and as further continued and assigned to Stearns Bank in Instrument No. 201400937637 (collectively, the "**UCC**"). Affidavit ¶ 5 and Ex. C.

4.    On July 29, 2004, contemporaneous with the execution of the Note, Inass Riyad and Adel Riyad executed and delivered to First State a Guaranty of Loan (the "**Riyad Guaranty**"). Pursuant to the Riyad Guaranty, Inass Riyad and Adel Riyad guaranteed the prompt payment of all amounts due under the Note. Affidavit ¶ 6 and Ex. D.

5.    On July 29, 2004, contemporaneous with the execution of the Note, Marco executed and delivered to First State a Guaranty of Loan (the "**Marco Guaranty**"). Pursuant to the Marco Guaranty, Marco guaranteed the prompt payment of all amounts due under the Note. Affidavit ¶ 7 and Ex. E. The Note, the Mortgage, the UCC, the Riyad Guaranty and the Marco Guaranty shall be collectively referred to herein as the "**Loan Documents**".

6.    On or about August 7, 2009, First State was closed by the Florida Office of Financial Regulation and the Federal Deposit Insurance Corporation ("**FDIC**") appointed as its receiver. Affidavit ¶ 8.

7.    The FDIC subsequently assigned the Loan Documents to Stearns Bank by the following documents:

(a)    Allonge to Note; and

(b)    Assignment of Mortgage dated March 29, 2010, which was recorded on April 1, 2010, in Official Records Book 8301, Page 844 of the public records of Pasco County, Florida.

Affidavit ¶ 9, Ex. A and Ex. F.

8.    On December 14, 2010, Come Again filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, assigned Case No.8:10-bk-29752-CED, United States Bankruptcy Court, Middle District of Florida (the **"Bankruptcy"**). Affidavit ¶ 10.

9.    On December 12, 2011, the Bankruptcy court entered an Order Approving Disclosure Statement and Confirming Debtor's Second Amended Plan of Reorganization (the **"Confirmation Order"**). Affidavit ¶ 11 and Ex. G.

10.   Pursuant to the Confirmation Order, the Bankruptcy Court determined that Stearns Bank's Loan was an allowed secured claim in the amount of $820,596.54 as of October 3, 2011, which was to be repaid monthly over a three year term, and otherwise modified as set forth in the Confirmation Order. Affidavit ¶ 12 and Ex. G. Come Again and its principals agreed to execute modification documents to evidence the terms set forth in the Confirmation Order. *Id.*

11.   The Confirmation Order further ordered that Come Again, Inass Riyad, Adel Riyad and Marco do not dispute the amount of Stearns Bank's claim, reaffirm their liability for the claim, and waive all defenses to the claim. *Id.*

12.   April 23, 2012, Come Again, Inass Riyad, Adel Riyad and Marco executed and delivered a Change in Terms Agreement to Stearns Bank to further evidence the repayment terms of Stearns Bank's secured claim, as set forth in the Confirmation Order (the **"Change in Terms"**). Affidavit ¶ 13 and Ex. H. The Change in Terms reflected the change in the principal balance of the Loan to $820,596.54, the change to the interest rate, and the change to the amortization and loan term, as set forth in the Confirmation Order. *Id.* The term of the Loan commenced on November 1, 2011, through November 1, 2014, and Come Again's payments were due monthly beginning on December 1, 2011. *Id.* Also in the Change of Terms, Inass Riyad, Adel Riyad and Marco reaffirmed all of their obligations under the Riyad Guaranty and the Marco Guaranty, respectively. *Id.*

13.   Come Again defaulted under the terms of the Loan by failing to repay all amounts due on the maturity date of the Loan of November 1, 2014. Affidavit ¶ 17.

14.   As a result of Come Again's default under the Loan, on November 17, 2014, Stearns Bank sent Come Again written notice of the default and demanded payment of all amounts due under the Loan (the **"Demand Letter"**). Affidavit ¶ 18 and Ex. I.

15.   The Demand Letter was sent to 5717 Westshore Drive, New Port Richey, FL 34652 because Come Again submitted an address change form to Stearns Bank on April 1, 2013, requesting Stearns Bank use 5717 Westshore Drive, New Port Richey, FL 34652 as Come Again's mailing address. Affidavit ¶ 19 and Ex. J.

16.    Following Come Again's default, Come Again made three payments on the Loan: (i) $5,529.54 on or about November 13, 2014; (ii) $5,529.54 on or about December 3, 2014; and (iii) $5,529.54 on or about January 7, 2015.  Affidavit ¶ 20.  Following the November 13, 2014, and December 3, 2014, payments, Stearns Bank sent Come Again notices informing Come Again that the loan is in default and that by accepting those payments, Stearns Bank is not waiving its right to declare a default, accelerate the loan, or otherwise prevent Stearns Bank from exercising its rights or remedies under the Loan Documents.  Affidavit ¶ 20 and Ex. K.

17.    Stearns Bank applied the payment for November 13, 2014 to principal and accrued interest.  Affidavit ¶ 21.  Stearns Bank applied the payments received on December 3, 2014, and January 7, 2015, to accrued interest, in accordance with the Change in Terms.  *Id.*

18.    As of January 31, 2016, the Mortgage has not been satisfied, and Come Again owes Stearns Bank the following amounts:

| | |
|---|---|
| Principal: | $ 726,196.77 |
| Interest to 01-31-2016: | $ 153,119.37 |
| Late Fee: | $ 35,405.29 |
| Appraisal Fee: | $ 1,600.00 |
| Attorney's Fees: | $ 13,192.00 |
| Filing Fees: | $ 400.00 |
| Service of Process Fees: | $ 806.00 |
| Title Search Fee: | $ 84.00 |
| **GRAND TOTAL** | **$930,803.43** |

In addition, per diem interest in the amount of $363.10, continues to accrue from January 31, 2016, through the day of judgment.  Affidavit ¶ 22 and Ex. L; *see also* Affidavit of Attorney's Fees and Costs and Affidavit of Reasonableness of Attorney's Fees and Costs filed simultaneously herewith.

19.    Stearns Bank owns and holds the Loan Documents and Change in Terms.  Affidavit ¶ 23.

20.    The Property is owned by Come Again.  Affidavit ¶ 24;  Complaint ¶ 11; Answer of Come Again (Doc. 37) ¶ 11.

21.    Stearns Bank retained the undersigned counsel to prosecute this action and became obligated to pay reasonable attorney's fees, which fees are recoverable from Come Again in accord with the Loan Documents and Change in Terms.  Affidavit ¶ 25.

22.    All conditions precedent to the institution of this action have been performed, have occurred or have been waived.  Affidavit ¶ 26.

23. On January 15, 2016, the Clerk entered a default against Defendant Marco (Doc. 42).

24. AEC filed an Answer (Doc. 34) that denies its lien is inferior to Stearns Bank. However, based on the recording date of Stearns Bank's mortgage, its lien is superior to that of AEC.

25. Defendants Come Again, Inass Riyad and Adel Riyad filed an Answer and Affirmative Defenses (Doc. 37) that raised five affirmative defenses, however, as discussed in detail herein, the defenses raised do not create a genuine issue of material fact.

## III.   STANDARD OF REVIEW

### A.   Summary Judgment Standard

Summary judgment is warranted in the absence of a "genuine dispute as to any material fact." Fed. R .Civ. P. 56(a). An issue is "genuine" if, based on the evidence, a jury could reasonably find in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material" fact affects the outcome of the action. *Id.* The movant bears the burden of demonstrating the absence of a genuine dispute of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004), and the non-movant receives the benefit of each "reasonable inference[]." *Chapman v. Al Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). To avoid summary judgment, the non-movant must present evidence and "set forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521 (2006) (citations omitted); *Celotex*, 477 U.S. at 322; *Hilburn v. Murata Electronics N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Conclusory allegations based on subjective beliefs cannot create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000).

QB\38096173.1

### B.     Default Judgment Standard

Upon entry of a default, "the well-pleaded allegations of a complaint relating to liability are taken as true. " *See, e.g., Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But entry of default does not in itself warrant entry of a default judgment. *See Idearc Media, LLC v. The Hamilton Group Management Co., Inc.*, 2010 WL 76975, at *1 (M.D. Fla. Jan. 7, 2010). A district court must first examine in further detail the defendants' liability under the causes of action alleged in the complaint and assess in its discretion whether a default judgment is due. *Id.; see Seaway Homes v. Butler*, 2007 WL 4557195, at *4 (M.D. Fla. Dec. 20, 2007) ("In considering whether a default judgment is appropriate, a court must examine the well-pleaded allegations of the complaint to determine whether the factual allegations of the complaint, which are assumed to be true, provide sufficient basis to support a finding that the defendant is liable.")

## IV.   ARGUMENT

### A.     Summary Judgment of Foreclosure is Appropriate

Count I of the Complaint seeks foreclosure of the Mortgage against the Property. The undisputed material facts establish that: (1) Come Again executed and delivered to First State the Note and the Mortgage; (2) the Mortgage was properly recorded in the public records of Pasco County, Florida; (3) the Loan evidenced by the Note was determined to be an allowed secured claim of $820,596.54 pursuant to the Confirmation Order and secured by the Mortgage; (4) Stearns Bank owns and holds the Note, the Mortgage and the Change in Terms; (5) Come Again owns the Property; (6) Come Again defaulted under the Loan by failing to pay all amounts due and owing upon the maturity date of the Loan; and (7) Stearns Bank suffered damages as a result of Come Again's default. *See David v. Sun Federal Sav. & Loan Ass'n*, 461 So. 2d 93, 95-96 (Fla. 1984) (delineating the elements of a foreclosure claim). "Failure to pay goes to the heart

of the agreement between the mortgagor and mortgagee, and is not a mere technical breach."
*Smiley v. Mfd. Housing Assocs. III Ltd. P'ship*, 679 So. 2d 1229, 1232 (Fla. 2d DCA 1996).
Accordingly, as a matter of law, Stearns Bank is entitled to foreclose the Mortgage as a result of
Come Again's failure to pay those sums due and owing to Stearns Bank. *See id*. As discussed in
more detail below, Come Again and AEC have not raised any defenses that create a genuine
issue of material fact concerning Stearns Bank's ability to foreclose the Mortgage. Accordingly,
this Court should grant summary judgment on Count I of the Complaint against Come Again and
AEC, and enter a final judgment of foreclosure against the Property.

### B.      Summary Judgment on the Note is Appropriate

Count II of the Complaint seeks damages resulting from Come Again's default under the
Note, as amended by the Confirmation Order and Change in Terms.  The undisputed material
facts establish that: (1) Come Again executed and delivered to First State the Note; (2) the Loan
evidenced by the Note was determined to be an allowed secured claim of $820,596.54 pursuant
to the Confirmation Order; (3) Come Again executed and delivered to Stearns Bank the Change
in Terms; (4) Stearns Bank owns and holds the Note and the Change in Terms; (5) Come Again
defaulted under the Note, as amended by the Confirmation Order and Change in Terms, by
failing to pay all amounts due and owing upon the maturity date of the Loan; and (6) Stearns
Bank suffered damages as a result of Come Again's default.  Therefore, Stearns Bank is entitled
to summary judgment against Come Again for breach of the Note. *See Student Loan Marketing
Ass'n v. Morris*, 662 So. 2d 990, 991 (Fla. 2d DCA 1995) (delineating the elements of an action
on a promissory note).  Additionally, Stearns Bank requests that the Court reserve jurisdiction to
enter a deficiency judgment against Come Again if the foreclosure sale generates proceeds
insufficient to satisfy its indebtedness to Stearns Bank.

8

C. **Summary Judgment on the Riyad Guaranty is Appropriate**

Counts III and IV of the Complaint seeks damages against Inass Riyad and Adel Riyad under the Riyad Guaranty, which damages result from Come Again's default under the Note. The undisputed facts establish that: (1) Inass Riyad and Adel Riyad violated the Riyad Guaranty by failing to pay the amounts due under the Note after Come Again's default; and (2) the entire indebtedness secured by the Mortgage is due. Accordingly, Stearns Bank is entitled to summary judgment against Inass Riyad and Adel Riyad for breach of Riyad Guaranty. Additionally, Stearns Bank requests that the Court reserve jurisdiction to enter deficiency judgments against Inass Riyad and Adel Riyad if the foreclosure sale generates proceeds insufficient to satisfy their indebtedness to Stearns Bank.

D. **Default Judgment on the Marco Guaranty is Appropriate**

Count V of the Complaint seeks damages against Marco under the Marco Guaranty, which damages result from Come Again's default under the Note. The undisputed facts establish that: (1) Marco violated the Marco Guaranty by failing to pay the amounts due under the Note after Come Again's default; and (2) the entire indebtedness secured by the Mortgage is due. Accordingly, Stearns Bank is entitled to default judgment against Marco for breach of Marco Guaranty. Additionally, Stearns Bank requests that the Court reserve jurisdiction to enter a deficiency judgment against Marco if the foreclosure sale generates proceeds insufficient to satisfy its indebtedness to Stearns Bank.

E. **Come Again, Inass Riyad, Adel Riyad and AEC's Affirmative Defenses do not Bar Summary Judgment.**

As a preliminary matter, the Court should disregard each of the affirmative defenses raised in Defendants', Come Again, Inass Riyad and Adel Riyad's (collectively, "**Come Again Defendants**"), Answer because they expressly waived the right to assert any defenses in this

9

action. In the Confirmation Order, Come Again Defendants waived all defenses to the allowed secured claim of $820,596.54. *See* Affidavit Ex. G (Confirmation Order) p. 4. Further, in the Change of Terms, Come Again Defendants waived and represented and warranted that they have no claims, defenses, setoffs, or counterclaims against Lender with respect to the any amount owed under the Change in Terms. *See* Affidavit Ex. H (Change in Terms) ¶ 13. Accordingly, the Court should enforce the terms of the Confirmation Order and Change in Terms and find in Stearns Bank's favor on all affirmative defenses asserted by Come Again Defendant. Waiver aside, each of Come Again Defendants' affirmative defenses fail for the reasons discussed below.

### 1.    **All payments were properly applied and notices properly given**.

In their first affirmative defense, Come Again Defendants allege that Stearns Bank failed to properly credit their account by applying funds to principal that should have been applied to interest and vice versa, and failing to apply certain payments to Come Again's account. Come Again fails to identify which payments were improperly applied or not applied at all. Therefore, Stearns Bank can only speculate as to which payments were allegedly improperly applied. As such, as an initial matter, this affirmative defense fails because it is insufficiently plead.

Furthermore, a review of the summary judgment evidence demonstrates that all payments were properly applied to the Loan. Specifically, the evidence shows the following:

(i)    As of October 3, 2011, Stearns Bank's Loan was determined by the Bankruptcy Court to be an allowed secured claim in the amount of $820,596.54. *See* Affidavit ¶¶ 11, 12 and Ex. G (Confirmation Order) p. 4.

(ii)    Pursuant to the Confirmation Order and Change in Terms, Come Again was required to make monthly payments of principal and interest in the amount of $5,529.54 to Stearns Bank beginning on December 1, 2011. *See* Affidavit ¶¶ 11, 12, 13, Ex. G (Confirmation Order) p. 4. and Ex. H (Change in Terms) ¶ 4.

(iii)    Come Again did not make a payment under the Change in Terms until January 18, 2012, when it remitted $5,529.54. *See* Affidavit ¶ 14 and Ex. L (Payment History). This payment was applied to reduce the accrued unpaid interest of

$9,334.29, which had accrued from November 1, 2011 to January 18, 2012, in accordance with the Confirmation Order and Change in Terms. *See* Affidavit ¶ 11, 12, 13, 14, Ex. G (Confirmation Order), Ex. H (Change in Terms) ¶¶ 2, 6 and Ex. L (Payment History).

(iv)   Come Again made its second payment under the Change in Terms on January 31, 2012, in the amount of $5,529.54. *See* Affidavit ¶ 15 and Ex. L (Payment History). As of that date, the accrued unpaid interest equaled $5,360.46. *Id.* Thus, $5,360.46 of the second payment was applied to interest and the remainder to principal. *Id.*

(v)   Following the second payment, the Loan was current and all subsequent payments were applied to principal and interest in accordance with the Confirmation Order Change in Terms. Affidavit ¶ 16 and Ex. L (Payment History).

(vi)   After the November 1, 2014, maturity date and default under the Loan, Come Again made three payments toward the Loan as follows: (a) $5,529.54 on or about November 13, 2014; (b) $5,529.54 on or about December 3, 2014; and (b) $5,529.54 on or about January 7, 2015. Affidavit ¶ 20 and Ex. L (Payment History).

(vii)   Stearns Bank applied the payment for November 13, 2014 to principal and accrued interest. Affidavit ¶ 20 and Ex. L (Payment History). Stearns Bank applied the payments received on December 3, 2014, and January 7, 2015, to accrued interest, in accordance with the Change in Terms. Affidavit ¶ 20, Ex. H (Change in Terms) ¶ 6 and Ex. L (Payment History).

Thus, a careful review of the payment history and the Change in Terms reveals that all payments made by Come Again were properly applied to the Loan in accordance with the Change in Terms.

Come Again also alleges that Stearns Bank sent the Demand Notice to an address different than the address set forth in the Loan Documents. However, the Note and the Mortgage allow the parties to change their addresses by giving notice to the other party. *See* Affidavit Ex. A (Note) ¶ 7 and Ex. B (Mortgage) ¶ 18. Come Again expressly requested Stearns Bank deliver notices to the address set forth in the Demand Letter by written notice to Stearns Bank on April 1, 2013. *See* Affidavit ¶ 19 and Ex. J (Change of Address Form). Accordingly, Come Again

11

Defendants' first affirmative defense is contradicted by the facts and pleadings in this case and cannot succeed as a matter of law.

### 2.   Stearns Bank did not waive its right to accelerate and foreclose.

For their second affirmative defense, Come Again Defendants allege that Stearns Bank waived its right to assert a breach because Stearns Bank improperly applied payments and because Stearns Bank continued to accept payments after it sent the Demand Letter.  As shown above, Stearns Bank properly applied all payments made by Come Again in accordance with the Confirmation Order and Change in Terms.  Further, the fact that Stearns Bank accepted post-acceleration payments does not constitute waiver.

"Waiver is the intentional relinquishment of a known right.  In order to constitute waiver, the party's conduct must establish clear relinquishment, and while conduct can imply waiver, the conduct relied upon to do so must make out a clear case of waiver." *Costello v. Curtis Building Partnership*, 864 So. 2d 1241, 1244 (Fla. 5th DCA 2004) (*citing Aspen Inv. Corp., v. Holzworth*, 587 So.2d 1374 (Fla. 4th DCA 1991); *Destin Savings Bank v. Summerhouse of FWB, Inc.*, 579 So.2d 232 (Fla. 1st DCA 1991).  Moreover, as a general rule of law, a mortgagor, prior to the election of a right to accelerate by the mortgage holder upon the occurrence of a default, may tender the arrears due and thereby prevent the mortgage holder from exercising his option to accelerate. *Old Republic Ins. Co. v. Lee*, 507 So.2d 754, 754-55 (Fla. App. 5th DCA 1987) (citing *Kreiss Potassium Phosphate Co. v. Knight,* 98 Fla. 1004, 124 So. 751 (1929)). "However, once the mortgage holder has exercised his option to accelerate, the right of the mortgagor to tender only the arrears is terminated. " *Id.*  Thus, post-acceleration payments cannot cure the defaults; the only way Come Again can cure is to pay the Loan in full.

The evidence shows that Come Again remitted two post-acceleration payments. *See* Affidavit ¶ 20 and Ex. L (Payment History). Come Again Defendants have presented no evidence that Stearns Bank intentionally relinquished any right under the Loan by accepting these payments. The Demand Letter expressly provides that Stearns Bank reserves its rights under the Loan and notified Come Again Defendants that if any partial payments are made and accepted by Stearns Bank post-acceleration, such acceptance shall not constitute a waiver of any default under the Loan. *See* Affidavit ¶ 18, Ex, I (Demand Letter). Moreover, upon its receipt of the first post-acceleration payment from Come Again, Stearns Bank advised Come Again Defendants in writing that Stearns Bank will apply the payment to the current loan balance but that "application of such payment does not waive, release or excuse the existing default. Application of this payment does not either constitute a waiver of the existing defaults or prevent or otherwise limit in any way Stearns Bank's rights, remedies, or recourse for the existing defaults, and Stearns Bank requires strict performance of any and all terms, conditions or provisions of the loan documents." *See* Affidavit ¶ 20 and Ex. K. In sum, Stearns Bank has not waived any defaults.

### 3. Stearns Bank owns and holds the Note.

Come Again Defendant's third affirmative defense is not an affirmative defense at all. The defense is titled "Standing" but it merely states that Stearns Bank must file the original Note with the Court before entry of judgment. Stearns Bank filed the original Note and the original Mortgage with the Court on January 20, 2016 (Doc. 47 and 48).

Furthermore, to the extent the defense is construed as a lack of standing defense. The Complaint and Affidavit clearly state that Stearns Bank is the owner and holder of the Note, and the Complaint attaches a copy of the assignment of mortgage to Stearns Bank and a copy of the

Note together with an allonge indorsed specially to Stearns Bank.  *See* Complaint ¶ 28, Ex. A and Ex. G; Affidavit ¶ 23, Ex. A and Ex. F.   Under Florida law, there are two ways in which Stearns Bank can show that it has standing to foreclose a mortgage:   (1) be the holder of a promissory note; or (2) be the transferee of a written assignment of mortgage.  *See* Taylor v. Deutsche Bank National Trust Company, 44 So. 3d 618 (Fla. 5th DCA 2010) (holding Deutsche Bank had standing to foreclose as assignee of an assignment of mortgage from MERS); *Riggs v. Aurora Loan Servs., LLC*, 36 So. 3d 932, 933 (Fla. 4th DCA 2010) ("Aurora's possession of the original note, indorsed in blank, was sufficient under Florida's Uniform Commercial Code to establish that it was the lawful holder of the note, entitled to enforce its terms.").   In this case, Stearns Bank has satisfied both tests.   Further, Stearns Bank also attached a Certification of Location of Original Promissory Note to the Complaint that evidences Stearns Bank's possession of the original Note, indorsed in blank.  *See* Complaint ¶ 28 and Ex. K.   The Complaint and the Affidavit clearly show that Stearns Bank has standing to sue for foreclosure, that Stearns Bank is the holder of the Note and that Stearns Bank owns the Note.   Accordingly, Come Again Defendants' third defense is contradicted by the facts and pleadings in this case and cannot succeed as a matter of law.

### 4.     Come Again Defendants have not properly asserted unclean hands.

In their fourth affirmative defense, Come Again Defendants allege that Stearns Bank has unclean hands because it accepted two payments after the Demand Letter was sent and applied them to interest.   Come Again Defendants further allege Stearns Bank represented to them that these payments would be "applied as usual."  *See* Answer of Come Again Defendants (Doc. 37) p. 8.   Come Again Defendants do not allege who at Stearns Bank made this statement or when it was made, leaving Stearns Bank to guess at the facts supporting this allegation.

To establish unclean hands Come Again Defendants must show either a fraudulent or illegal transaction or any unrighteous, unconscious, or oppressive conduct by one seeking equitable interference on his own behalf. *See Epstein vs. Epstein*, 915 So.2d 1272, 1275 (Fla. 4th DCA 2005). Fraud is never presumed, and where it is the basis of a pleading, the essential facts, not legal conclusions, constituting fraud must be set out clearly, concisely, and with sufficient particularity to apprise the opposite party of what he is called upon to answer. *Reina v. Gingerale Corp.*, 472 So. 2d 530, 531 (Fla. 3d DCA 1985). Here, a statement that payments would be applied as usual is does not amount to fraud, and, under Florida law, failure to comply with the terms of a loan documents may amount to breach of contract, but does not amount to unclean hands. *See Congress Park Office Condos II, LLC v. First-Citizens Bank & Trust Co.*, 105 So. 2d 602, 610 (Fla. 4th DCA 2013).

Furthermore, the loan contract in this case expressly permitted Stearns Bank to apply the payments made on December 3, 2014 and January 7, 2015 to interest only. *See* Affidavit Ex. H ¶ 6. Come Again Defendants have failed to prove any terms Stearns Bank violated in the Note, Mortgage or Change in Terms, and even if Come Again Defendants could provide such a violation, such conduct would not amount to unclean hands. Therefore, this defense must fail.

### 5. The defense of failure to mitigate has no merit.

Come Again Defendants fifth affirmative defense is failure to mitigate. However, Come Again Defendants failed to set forth a short and plain statement of facts to support this defense. As such, Come Again Defendants have failed to apprise Stearns Bank of the basis for this defense, which fails to meet the basic pleading requirements of Fed. R. Civ. Pro. 8(a). *See Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002) ("a defendant must do more than make conclusory allegations.") (citing *Heller Financial, Inc. v.*

*Midwhey Powder Co., Inc.*, 883 F.2d 1286. 1294-95 (7th Cir. 1989)); *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 S.D. Fla. 2007) ("[d]efendant must allege some additional facts supporting the affirmative defense.")  Furthermore, to the contrary, Stearns Bank commenced this case on February 13, 2015, only 3 months after the default, in order to mitigate its damages. Thus, this defense fails.

### 6.      Denial of authenticity not a bar to foreclosure.

Lastly, Come Again Defendants deny the authenticity and admissibility of the Loan Documents.  The signatures on the Loan Documents, however, are presumed to be valid and authentic. *See* § 673.3081(1), Fla. Stat. ("If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, *but the signature is presumed to be authentic and authorized* unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature.") (emphasis added).  Thus, under Florida law, the party challenging the signature is required to produce evidence supporting a finding that a signature was forged or unauthorized. *See Bennett v. Deutsche Bank Nat'l Trust Co.,* 124 So.3d 320, 322–23 (Fla. 4th DCA 2013) (holding defendants had failed to offer evidence showing signatures on the allonges were unauthentic and affirming grant of summary judgment to plaintiff in foreclosure action); *see also Madura v. BAC Home Loans Servicing, LP*, 593 Fed. Appx. 834, 845 (11th Cir. 2014); *Verneret v. Foreclosure Advisors, LLC*, 45 So. 3d 889, 891-92 (Fla. 3d DCA 2010) (Borrower claimed signature on Mortgage was not hers, but the court found that proof of fraud "must be of the clearest, strongest, and most convincing character," and "[a]s a matter of evidence, the testimony of the parties alone is not to be regarded as legally satisfactory and sufficient to

16

overthrow a prima facie valid . . . acknowledgment to a . . . mortgage purporting to have been executed and acknowledged by such parties in accordance with law.").

Come Again Defendants have put forth no evidence to overcome the presumption that the signatures on the Loan Documents are authentic. Come Again Defendants' simple denial is not enough to overcome the presumption of validity, and with no proof of fraud, the denial simply carries no weight.

### 7.    Stearns Bank's Mortgage is superior to AEC's judgment lien.

AEC's Answer (Doc. 34) denies that Stearns Bank's Mortgage is superior to its judgment lien. Stearns Bank's Mortgage was recorded in Official Records Book 5973, Page 709 of the public records of Pasco County, Florida. Affidavit ¶ 4 and Ex. B. AEC's judgment lien was recorded in Official Records Book 8425, Page 253 of the Public Records of Pasco County, Florida and Official Records Book 8526, Page 472 of the Public Records of Pasco County, Florida. *See* Complaint ¶ 32; Answer of AEC (Doc. 34) ¶ 32. Accordingly, because Stearns Bank's Mortgage was recorded prior to AEC's judgment lien, Stearns Bank's Mortgage on the Property is superior to AEC's lien. *See* 695.11, Florida Statutes (2015) (The sequence of official numbers affixed on an instrument by the office of the clerk of the circuit court shall determine the priority of recordation); *see also Walter E. Heller & Co. Southeast, Inc. v. Williams*, 450 So. 2d 521, 527 (Fla. 3d DCA 1948) (The priority between mortgages, and the priority between mortgages and other liens and encumbrances, subject to certain exceptions, is generally based on priority in time). Priority in time is generally who recorded first. *See Lamchik, Glucksman & Johnston, P.A. v. City Nat'l Bank of Fla.*, 659 So. 2d 1118, 1120 (Fla. 3d DCA 1995). Based on the foregoing, Stearns Bank is entitled to a foreclosure judgment that establishes Stearns Bank holds a first priority lien against the Property.

Because there are no genuine issues of material fact as to any of the defenses and denials set forth by Come Again Defendants and AEC, Stearns Bank is entitled to entry of an order granting summary judgment on Count I, II, III and IV of its Complaint, granting default judgment on Count V of its Complaint and entry of a final judgment of foreclosure.

**F.**     **Appointment of a Special Master is Warranted**

Assuming this motion is granted, Stearns Bank requests the entry of an order appointing Daniel Feinman as special master to conduct the foreclosure sale.  Rule 53(a)(1)(C), Federal Rules of Civil Procedure, authorizes the appointment of a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." *See also* 28 U.S.C. § 2001 (stating that a sale of realty or an interest therein "shall be upon such terms and conditions as the court directs"); 9-53 MOORE'S FEDERAL PRACTICE CIVIL § 53.10 ("The only prerequisite to the appointment of a pretrial or posttrial master is that no district judge or magistrate judge of the district be available who can address the matter to be referred in a timely and effective manner.").  Rule 53(a)(1)(C) disqualifies from appointment a special master who has "a relationship to the parties, attorneys, action, or court that would require disqualification of a judge under 28 U.S.C. § 455," unless the special master discloses the potential basis for disqualification and the parties consent to the appointment.  Absent a basis for disqualification, federal courts routinely appoint special masters to conduct foreclosure sales. *See Stearns Bank, N.A. v. Farrell Homes, Inc., et al.*, Case No. 8:11-cv-1724-T026TBM, Dkt. 23 (M.D. Fla. Jan. 20, 2012); *GE Capital Franchise Finance Corporation v. CJS Holdings, Inc.*, Case No. 8:11-cv-997-T-26MAP, DKT 29 (M.D. Fla. Oct. 4, 2011); *Fifth Third Bank v. North Port Gateway, LLC, et al.*, Case No. 8:11-cv-29-TBM, DKT 84 (M.D. Fla. Feb. 16, 2011).

18

In this instance, neither a district judge nor a magistrate judge is available to timely and effectively address this matter. Furthermore, the proposed Special Master Daniel Feinman certifies that no basis exists for his disqualification under Rule 53(a)(1)(C) and Section 455. *See* Declaration of Daniel Feinman filed simultaneously herewith. Feinman is a Tampa-area attorney who possesses significant experience in commercial litigation and foreclosures. *Id.* Upon Feinman's appointment, Feinman will promptly advertise and conduct the foreclosure sale in accord with 28 U.S.C. § 2002 and an Order of Sale.

**WHEREFORE**, Plaintiff Stearns Bank requests entry of an order that:

a)      determines that Stearns Bank holds a lien secured by the Property in the total amount of $930,803.43 (plus per diem interest in the amount of $363.10 from January 31, 2016, to the day of the judgment) and which lien is superior to any claim of all Defendants and any person claiming by, through, under or against any of the Defendants since the filing of the Notice of Lis Pendens;

b)      enters final summary judgment against Defendants Come Again and AEC as to Count I;

c)      enters final summary judgment against Defendant Come Again as to Count II;

d)      enters final summary judgment against Defendant Inass Riyad as to Count III;

e)      enters final summary judgment against Defendant Adel Riyad as to Count IV;

f)      enters final default judgment against Defendant Marco as to Count V;

g)      appoints as Daniel Feinman as Special Master to advertise and sell the property in accord with 28 U.S.C. § 2002;

h)      directs entry of a final judgment of foreclosure in the appropriate form consistent with subparagraphs a) and g) of this *ad damnum* and forecloses the Mortgage and the interest of

all Defendants and persons claiming under or against any of the Defendants since the filing of the Notice of Lis Pendens;

      i)     reserves jurisdiction to award a deficiency judgment against Come Again, Inass Riyad and Adel Riyad if the foreclosure sale generates proceeds insufficient to satisfy the amount due under the Note;

      j)     reserves jurisdiction to issue writs of possession; and

      k)     grants all further appropriate relief.

Respectfully submitted,

s/ Lauren G. Raines
Lauren G. Raines
Florida Bar No. 11896
Lauren.raines@quarles.com
**QUARLES & BRADY LLP**
101 E. Kennedy Blvd., Suite 3400
Tampa, Florida 33602
(813) 387-0300 (phone)
(813) 387-1800 (facsimile)
*Attorneys for Plaintiff Stearns Bank*

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 26, 2016, a true and correct copy of the foregoing

Motion for Summary Judgment was served via the Court's CM/ECF system on the following

parties:

- Fauzia A. Maker, Counsel for Defendants Come Again, Inc., Inass Riyad, Adel Riyad : fauzia@RobertEckardLaw.com, support@RobertEckardLaw.com
- Robert D. Eckard, Counsel for Defendants Come Again, Inc., Inass Riyad, Adel Riyad: robert@roberteckardlaw.com, joelle@roberteckardlaw.com, Meagan@RobertEckardLaw.com; and
- Ryan Quigley Counsel for Defendant AEC Services, Inc.: rtquigley@morrisonandmills.com

and a true and correct copy was served via U.S. regular mail to the following party:

Marco Global Enterprise, Inc.
5717 West Shore Drive
New Port Richey, FL  34652

/s/ Lauren G. Raines
Attorney

QB\38096173.1