UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEARNS BANK NATIONAL ASSOCIATION**, successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation as receiver for First State Bank,

    Plaintiff,

v.                                                                 Case No. 8:15-cv-322-T-30JSS

**COME AGAIN, INC.**, a Florida corporation,
**INASS RIYAD**, an individual,
**ADEL RIYAD**, an individual, **MARCO GLOBAL ENTERPRISE, INC.**, a Florida corporation, and **AEC SERVICES, INC.**,

    Defendants.
_____/

## ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** came before the Court upon Plaintiff Stearns Bank National Association's ("**Stearns Bank**") Motion for Summary Judgment and Motion for Default Judgment and Incorporated Memorandum of Law (the "**Motion**") (Doc. 50) on Counts I, II, III, IV and V of its First Amended Complaint for Commercial Foreclosure and Other Relief (Doc. 32) (the "**Complaint**").

On February 19, 2016, Stearns Bank and Defendants Come Again, Inc., Inass Riyad, Adel Riyad, and Marco Global Enterprises, Inc. filed a Stipulation to Entry of Final Judgment of Foreclosure (Doc. 59), where Defendants Come Again, Inc., Inass Riyad, Adel Riyad, and Marco Global Enterprises, Inc. consented to the entry of a final judgment of foreclosure on Count I of Stearns Bank's Complaint and Stearns Bank dismissed Counts II, III, IV, V, and VI of the

1

Complaint.  Defendant AEC Services, Inc. ("**AEC**") failed to respond to the Motion within the time allotted under Local Rule 3.01(b), however, the Motion can be resolved without the need for a response.

Stearns Bank brings this action to foreclose a mortgage (the "**Mortgage**") granted by Come Again, Inc. on real property located in Pasco County, Florida (the "**Property**").  The Property is owned by Come Again, Inc., who defaulted under the subject loan by failing to pay the balance due under the Note on the maturity date.  AEC filed an Answer (Doc. 34) that does not raise any affirmative defenses, but denies that Stearns Bank's Mortgage is superior to its lien.

Summary judgment is warranted in the absence of a "genuine dispute as to any material fact." Fed. R .Civ. P. 56(a).  Where the record taken as a whole could not lead a rational triar of fact to find for the nonmoving party, there is no genuine issue for trial.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986) (citations omitted).  On a motion for summary judgment, the court must review the record, and all of its inferences, in the light most favorable to the nonmoving party.  <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962) (citations omitted).  Having reviewed the record, and all of its inferences, in the light most favorable to the nonmoving party, the Court finds that Stearns Bank is entitled to the entry of a final summary judgment in its favor against Defendants on Count I of the Complaint.  AEC cannot demonstrate a genuine dispute as to the priority of Stearns Bank's Mortgage.

The undisputed material facts establish that:  (i) Come Again, Inc. executed and delivered to First State Bank the Note and Mortgage (Affidavit of Katie Bobb, Dkt. 51 ("**Aff**.") ¶¶ 1, 2); (ii) the Mortgage was recorded in Official Records Book 5973, Page 709 of the public records of Pasco County, Florida (Aff. ¶ 4, Ex. B); (iii) Stearns Bank owns and holds the Note and the Mortgage (Aff. ¶ 7); (iv) the Property is owned by Come Again, Inc. (Aff. ¶ 20); and (v) Come Again, Inc. defaulted under the Note by failing to fully repay the loan upon maturity (Aff. ¶ 13).

Therefore, all of the requisite elements of a foreclosure claim are present here. See <u>David v. Sun Federal Sav. & Loan Ass'n</u>, 461 So. 2d 93, 95-96 (Fla. 1984) (delineating the elements of a foreclosure claim).

AEC's judgment lien was recorded in Official Records Book 8425, Page 253 of the Public Records of Pasco County, Florida and Official Records Book 8526, Page 472 of the Public Records of Pasco County, Florida. *See* Complaint ¶ 32; Answer of AEC (Doc. 34) ¶ 32. Accordingly, because Stearns Bank's Mortgage was recorded prior to AEC's judgment lien, Stearns Bank's Mortgage on the Property is superior to AEC's lien. *See* 695.11, Florida Statutes (2015) (The sequence of official numbers affixed on an instrument by the office of the clerk of the circuit court shall determine the priority of recordation); *see also Walter E. Heller & Co. Southeast, Inc. v. Williams*, 450 So. 2d 521, 527 (Fla. 3d DCA 1948) (The priority between mortgages, and the priority between mortgages and other liens and encumbrances, subject to certain exceptions, is generally based on priority in time). Priority in time is generally who recorded first. *See Lamchik, Glucksman & Johnston, P.A. v. City Nat'l Bank of Fla.*, 659 So. 2d 1118, 1120 (Fla. 3d DCA 1995). Based on the foregoing, Stearns Bank is entitled to a foreclosure judgment that establishes Stearns Bank holds a first priority lien against the Property. Notably, AEC failed to point the Court to any contrary evidence.

The Court denies entry of summary judgment on Counts II, III, IV, and V of the Complaint and denies entry of default judgment on Count V of the Complaint because these Counts have been dismissed.

Plaintiff seeks appointment of a special master to conduct the foreclosure sale, which is authorized by Rule 53(a)(1)(C), Federal Rules of Civil Procedure. Absent a basis for disqualification, federal courts routinely appoint special masters to conduct foreclosure sales. See <u>Stearns Bank, N.A. v. Farrell Homes, Inc., et al.</u>, Case No. 8:11-cv-1724-T026TBM, Dkt. 23

(M.D. Fla. Jan. 20, 2012); GE Capital Franchise Finance Corp. v. CJS Holdings, Inc., Case No. 8:11-cv-997-T-26MAP, Dkt. 29 (M.D. Fla. Oct. 4, 2011); Fifth Third Bank v. North Port Gateway, LLC, et al., Case No. 8:11-cv-29-TBM, Dkt. 84 (M.D. Fla. Feb. 16, 2011).  No basis exists for disqualification of the proposed Special Master Daniel Feinman.  See Declaration of Daniel Feinman, Doc. 54.

**ACCORDINGLY**, it is **ORDERED and ADJUDGED**:

1. Plaintiff's Motion is **GRANTED** as to Count I of the Complaint.

2. Plaintiff's Motion is **DENIED** as to Counts II, III, IV and V of the Complaint.

3. A final judgment of foreclosure and order of sale shall be entered in accordance with this Order.

4. The Clerk is directed to enter a judgment in favor of Plaintiff and against Defendants on Count I of the Complaint, terminate any pending motions, and close this case.

**DONE and ORDERED** in Tampa, Florida, this 22nd day of Febraury, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record