UNITED STATES DISTRICT COURT
OF THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**STEARNS BANK NATIONAL ASSOCIATION**, successor to First State Bank by asset acquisition from the Federal Deposit Insurance Corporation as receiver for First State Bank,

    Plaintiff,

v.    Case No. 8:15-cv-322-T-30JSS

**COME AGAIN, INC.**, a Florida corporation,
**INASS RIYAD**, an individual,
**ADEL RIYAD**, an individual, **MARCO GLOBAL ENTERPRISE, INC.**, a Florida corporation, and **AEC SERVICES, INC.**,

    Defendants.
_____/

## FINAL JUDGMENT OF FORECLOSURE AND ORDER OF SALE

**THIS CAUSE** came before the Court upon Plaintiff Stearns Bank National Association's ("**Stearns Bank**") Motion for Summary Judgment and Motion for Default Judgment and Incorporated Memorandum of Law (the "**Motion**") (Doc. 50). The Court, having granted the Motion as to Count I of Stearns Bank's First Amended Complaint for Commercial Foreclosure and Other Relief (Doc. 32) (Doc. 60), now enters final judgment of foreclosure as follows:

1. As of January 31, 2016, the Total Sum due and owing to Plaintiff is:

| | |
|---|---|
| Principal: | $ 726,196.77 |
| Interest to 01-31-2016: | $ 153,119.37 |
| Late Fee: | $ 35,405.29 |
| Appraisal Fee: | $ 1,600.00 |
| Attorney's Fees: | $ 13,192.00 |
| Filing Fees: | $ 400.00 |
| Service of Process Fees: | $ 806.00 |
| Title Search Fee: | $ 84.00 |
| **TOTAL SUM** | **$930,803.43** |

1

2.      The Total Sum referenced in Paragraph 1 (plus accrued prejudgment interest) shall bear interest from this date forward at the prevailing legal rate of interest.

3.      Plaintiff, whose address 7555 Dr. MLK Jr. St. N., St. Petersburg, FL 33702, holds a first priority mortgage lien for the Total Sum set forth in Paragraph 1 above against real property located in Pasco County, Florida and legally described as (the "**Property**"):

> A portion of the East 3/4 of Section 28, Township 26 South, Range 16 East, Pasco County, Florida being further described as follow:
>
> Commence at the Northeast corner of the Southeast l/4 of said Section 28; thence run along the East boundary line of the Northeast l/4 of said Section 28. N. 00°36'25" E. a distance of 3.40 feet thence N. 89°31'33" W. a distance of 60.00 feet to the Westerly right-of-way line of Seven Springs Boulevard as described in Official Records Book 860, Pages 568 and 569, Public Records of Pasco County, Florida. For a Point of Beginning; thence along the Westerly right-of-way of said Seven Springs Boulevard, S. 00°36'25" W. a distance of 3.15 feet; thence continue along the Westerly right-of-way line of said Seven Springs Boulevard. S. 00°36'45" W. a distance of 251.21 feet to the North right-of-way line of Perrine Ranch Road as shown on the plat of Oak Ridge Unit One recorded in Plat Book 14, Pages 78,79,80,81, and 82, Public Records of Pasco County, Florida; thence along the North right-of-way line of said Perrine Ranch Road, N. 89°31'33" W. a distance of 250.00 feet; thence N. 00°36'45" E. a distance of 254.36 feet; thence S. 89°31'33" E. a distance of 250.00 feet to the Point of Beginning. Less and except all road rights-of-way.

4.      Plaintiff's lien in and upon the Property is superior in dignity to any right, title, interest, claim, lease, encumbrance or equity of Defendants, and all persons, corporations or other entities claiming by, through or under Defendants and the Property will be sold free and clear of any claims whatsoever of Defendants.

5.      Under Rule 53(a)(1)(C), Federal Rules of Civil Procedure, Daniel Feinman, Esq. is appointed to serve as Special Master to advertise and conduct the foreclosure sale.

6.      Pursuant to 28 U.S.C. § 2001, the Special Master is authorized and directed to sell the Property at public sale.  Plaintiff shall coordinate the sale with the Special Master who shall sell the Property at a public sale at the West Pasco Judicial Center, 7530 Little Road, New Port Richey, FL 34654 to the highest bidder for cash, following notice of

the public sale of the Property to be published once a week for at least four weeks in a newspaper regularly issued and of general circulation in Pasco County, Florida, as required by 28 U.S.C. § 2002.

7. Plaintiff shall advance the cost of publishing the Notice of Sale and the Special Master's fee for conducting the sale of the Property and shall be reimbursed for them by the Special Master if Plaintiff is not the purchaser of the Property for sale.

8. Any third party successful bidder shall be required at the time of the sale to deposit with the Special Master five percent (5%) of the successful bid amount by certified check made payable to the Special Master or by cash deposit. Before being permitted to bid at the sale, all third party bidders shall present proof to the Special Master that they are able to comply with this requirement and otherwise shall not be allowed to bid.

9. The balance of the purchase price of the Property shall be tendered by the successful bidder in the form of a certified check payable to the Special Master within one (1) day following the sale. If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and applied to the expenses of the sale with the balance to Plaintiff and the Property shall be re-offered for sale in accordance with the above provisions.

10. If Plaintiff is the purchaser of the Property, the Special Master shall credit Plaintiff's bid with the Total Sum described in Paragraph 1 with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

11. If a third party bidder is the purchaser, the third party bidder must pay the documentary stamp tax attached to the Certificate of Title in addition to the bid.

12. Upon full compliance with the terms of the sale, the Special Master shall file a report of the sale with the Clerk of the Court, which is subject to confirmation by the Court.

13. Upon confirmation of the sale by the Court, the Special Master shall convey to the purchaser a Certificate of Title, which shall be recorded in the Public Records of Pasco County, Florida.

14. Upon recording of the Certificate of Title, the sale proceeds shall distributed, so far as they are sufficient, by paying: first, all of Plaintiff's costs; second, documentary stamps affixed to the Certificate of Title, unless the Property is purchased by a third party bidder; third, the Total Sum due to Plaintiff as is set forth in this Judgment, less the items paid, plus interest at the rate prescribed by law from the date of this Judgment to the date of the sale; and by retaining any remaining amount pending the further Order of this Court.

15. Upon recording of the Certificate of Title, Defendant and all persons claiming by, through, under or against it since the filing of the Notice of Lis Pendens shall be forever barred and foreclosed of all estate or claim in the Property and the purchaser at the sale shall be let into possession of the Property.

16. Plaintiff waives its right to seek or pursue a deficiency claim against Come Again, Inc., Inass Riyad, Adel Riyad and/or Marco Global Enterprise.

17. Upon issuance of the Final Judgment of Foreclosure and Certificate of Title, Plaintiff shall issue and record a release and satisfaction of mortgage in Pasco County, Florida within 10 business days.

18. The sale of the Property is made pursuant to 28 U.S.C. § 2001, *et seq.*, without the right of redemption.

19. Plaintiff may assign this Judgment and/or its right to bid at the foreclosure sale, without further order of the Court.

20.    The Court retains jurisdiction of this action to enter further orders that are proper for a period of one (1) year from the date of entry of the Final Judgment of Foreclosure and Order of Sale.

**DONE and ORDERED** in Tampa, Florida, this 22nd day of February, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to</u>:
Counsel/Parties of Record